IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DONALD GREG WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14-CV-576 |
| | ) | |
| FRANK L. PERRY, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

Petitioner Donald Wilson is a prisoner of the State of North Carolina, having been convicted of state charges in 1993. He has filed a petition for writ of habeas corpus, which the respondent seeks to dismiss. Because the petition was filed well outside the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act and because Mr. Wilson has not sufficiently alleged a basis for tolling, the motion will be granted.

According to the petition and the documents attached, the petitioner Donald Wilson pled guilty to state charges in 1993. (Doc. 2-1 at 32.) He did not appeal, (Doc. 2 at 2), and he did not file a Motion for Appropriate Relief in state court until 2001. (Doc. 6-2.) That MAR was denied in 2003. (Doc. 6-3.) He filed a second MAR in February 2014, (Doc. 2-1 at 10), which was denied on April 24, 2014. (Doc. 2-1 at 9.) Mr. Wilson filed the pending petition for writ of habeas corpus on July 9, 2014. (Doc. 2.)

It is undisputed that Mr. Wilson's petition was filed outside the time period allowed by the Antiterrorism and Effective Death Penalty Act.[1] His claims that his "sentence was grossly disproportionate violating the Equal Protection Clause and [the] Cruel and Unusual Punishment Clause," (Doc. 2 at 5), arose when he pled guilty and was sentenced, as did his claim that there was no factual basis for his guilty plea and that he was sentenced "out of the mitigated range" without his agreement. (Doc. 2 at 8.) None of the bases of his claims that his lawyer was ineffective are based on newly discovered evidence, and all should have become apparent to Mr. Wilson by the time the limitations period expired, which was essentially four years after his guilty plea. *See supra* note 1. His claim that he should receive the benefit of 2009 changes to North Carolina's sentencing laws (Doc. 2 at 7, adopting claim made at Doc. 2-1 at 16-19) arose, at the latest, when that statute was amended in 2009. Thus, all are outside the one-year statute of limitations in AEDPA.

Mr. Wilson contends that the Court should grant him an "exemption" to the limitations period and cites *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012); *Trevino v. Thaler*, ___ U.S. ___, 133 S. Ct. 1911 (2013), and *McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013). None of these cases help Mr. Wilson.

*Martinez* and *Trevino* each addressed whether a procedural bar, rather than a time bar, should apply to an ineffective assistance of counsel claim from a state habeas

---

[1] *See Brown v. Angelone*, 150 F.3d 370, 374 (4th Cir. 1998) (holding that a prisoner whose statutory right to seek federal habeas relief accrued prior to the AEDPA had one year after its effective date – April 23, 1997 – to file a § 2254 petition).

proceeding. Thus, *Martinez* and *Trevino* are inapplicable to the determination of untimeliness under the AEDPA one-year statute of limitations. *See Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) (declining to extend *Martinez* and *Trevino* rules to time-barred § 2254 petitions); *see, e.g.*, *United States ex rel. Ames v. Lemke*, No. 13 C 2826, 2013 WL 5718206, at *4 (N.D. Ill. Oct. 21, 2013) (holding *Martinez* and *Trevino* rules do not concern excuse of untimely petition); *Stromberg v. Varano*, No. 09–401, 2012 WL 2849266, at *5 n.37 (E.D. Pa. July 11, 2012) (noting *Martinez* exception does not alleviate petitioner's burden to overcome AEDPA statute of limitations); *Perez v. Williams*, No. 2:12–cv–00605-GMN-VCF, 2012 WL 2389669, at *2 n.1 (D. Nev. June 25, 2012) (noting time-barred petition unaffected by *Martinez* decision).

Nor does *McQuiggin* assist Mr. Wilson. The Supreme Court in *McQuiggin* held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" despite expiration of the one-year statute of limitations in AEDPA. ___ U.S. at ___, 133 S. Ct. at 1928. However, cognizable claims of "actual innocence" are "extremely rare." *Id.*; *see also U.S. v. Jones*, 758 F.3d 579, 583 (4th Cir. 2014). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see McQuiggin*, ___ U.S. at ___, 133 S. Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup*, 513 U.S. at 324.

Mr. Wilson first claimed that he was actually innocent, arguably, in his 2014 MAR, where he alleged without further detail that he was convicted "of a crime that he did not committ (sic)." (Doc. 2-1 at 15.) In the pending § 2254 petition, he made a similarly conclusory allegation. (Doc. 2 at 14.) In his brief objecting to dismissal, he repeats the conclusory assertion that he pled guilty to "a crime that he did not commit," (Doc. 8 at 6), and asserts without detail that he "claimed his [i]nnocence from day one." (*Id.*) Yet that is belied by the court record. In his 2001 MAR, where he was represented by counsel, his lawyers noted that he "voluntarily" confessed to the crimes and made no argument that the confession was coerced or untruthful. (Doc. 6-2 at p. 8 ¶ 22.) Rather, they sought only a resentencing. (Doc. 6-2 at 16.) Nowhere in that MAR did Mr. Wilson assert actual innocence. (*See* Doc 6-2.) Mr. Wilson's conclusory claims now of actual innocence are insufficient to be credible, even at this preliminary stage.

**IT IS THEREFORE ORDERED** that the respondent's motion to dismiss, (Doc. 5), is **GRANTED.**

A certificate of appealability shall not issue.

This the 19th day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE

4